UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| THOMAS KING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:11-cr-00121-JAW |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on June 25, 2015 his Recommended Decision (ECF No. 139). The Petitioner filed his objections to the Recommended Decision on June 30, 2015 (ECF No. 140). I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record.

I have made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determine that no further proceeding is necessary.

In addition, although the Recommended Decision alludes to my conclusion that Mr. King had falsely denied relevant conduct, it should be clear that at his sentencing hearing, Mr. King actually took the stand and lied about whether he had intentionally downloaded and stored images of

child pornography on four CDs found in the garage of the home he used to share with his wife. *See Tr. of Proceedings* at 51-56 (ECF No. 132-2). Here, Mr. King was attempting to convince me that I should be lenient in imposing a sentence because the charged child pornography was the only child pornography he possessed. *Def.'s Sentencing Mem.* at 5 (ECF No. 55) ("There was no other child pornography beyond the possession of the three videos cited in the PSR"). I concluded that Mr. King had lied under oath in a matter material to the sentencing. *See* U.S.S.G. § 3C1.1 app. note 6 ("'Material' evidence . . . means evidence . . . that, if believed, would tend to influence or affect the issue under determination").

Typically, the context for a defendant who lies under oath at a sentencing hearing is U.S.S.G. § 3C1.1, obstruction of justice. U.S.S.G. § 3C1.1 app. note 4(F) (including "providing materially false information to a judge or magistrate judge" as an example of conduct warranting application of the enhancement). However, at the sentencing hearing, the parties focused only on whether I should grant or deny acceptance of responsibility under U.S.S.G. § 3E1.1. In view of his perjurious testimony, Mr. King was lucky that the Government elected not to press a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.

Instead, the Government was satisfied with a denial of his three-level reduction under U.S.S.G. § 3E1.1, which—absent an extraordinary situation—is a usual consequence of obstruction of justice. U.S.S.G. § 3E1.1

app. note 4 ("Conduct resulting in an enhancement under § 3C1.1 . . . ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct").  My decision to deny the three-level reduction for acceptance of responsibility was a natural consequence of his decision to take the stand and lie under oath before me as the sentencing judge in order to try and manipulate his sentence.

In short, because Mr. King lied under oath about a matter important to sentencing, he is not entitled to receive acceptance of responsibility under the sentencing guidelines.  *See United States v. Maguire*, 752 F.3d 1, 5-6 (1st Cir. 2014) (affirming district court's denial of acceptance of responsibility to defendant who offered perjurious testimony).

1. For the reasons set forth in the Recommended Decision of the Magistrate Judge and for the reasons set forth in this Order, it is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge be and hereby is <u>AFFIRMED</u>.

2. It is further <u>ORDERED</u> that the Petitioner's 28 U.S.C. § 2255 Petition (ECF No. 123) be and hereby is <u>DISMISSED</u>.

3. It is further <u>ORDERED</u> that no certificate of appealability should issue in the event the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2015